NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN SANCHEZ-ALANIS, AKA Martin Sanchez-Alaniz,<br><br>                    Petitioner-Appellant,<br><br>  v.<br><br>CRAIG APKER,<br><br>                    Respondent-Appellee. | No.    15-17293<br><br>D.C. No. 4:14-cv-00324-RCC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Argued and Submitted June 11, 2018
San Francisco, California

Before:  SILER,** PAEZ, and IKUTA, Circuit Judges.

Petitioner Martin Sanchez-Alanis appeals the district court's denial of his

petition for habeas relief under 28 U.S.C. § 2241.  We have jurisdiction under 28

U.S.C. § 1291, and we review de novo the district court's denial of Sanchez-

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Alanis's habeas petition. *See Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008). We dismiss Sanchez-Alanis's habeas petition as unripe.

Sanchez-Alanis argues that the Bureau of Prisons ("BOP") cannot disallow more than 54 days of good conduct time ("GCT") in a given year under 18 U.S.C. § 3624. The evidence in the record does not demonstrate that the BOP has taken such action either prospectively or retroactively. Sanchez-Alanis primarily argues that GCT disallowed in his first year in excess of 54 days will be applied to successive years, but this is belied by the record. Sanchez-Alanis's sentencing monitoring report indicates that the "max[imum] possible [GCT] to disallow" is 54 days for each year—other than his final year. Additionally, the "total earned and projected amount" of GCT for Sanchez-Alanis at the time the sentence monitoring report was produced was 282 days, which reflects 54 days for each remaining year plus 12 days for the last prorated year of his sentence. Therefore, the sentence monitoring report does not show that the BOP disallowed more than 54 days in a given year or carried over excess disallowed days into successive years.

Sanchez-Alanis's second argument that the BOP is not allowed to sanction a prisoner by forfeiting previously earned, unvested GCT is not properly before us. At the time of filing his habeas petition, Sanchez-Alanis had not accrued any GCT and therefore had no unvested GCT that could potentially be forfeited.

Under the facts of this case, the BOP has not deducted more than 54 days of

2

GCT for misconduct that occurred during any of the years that are covered by the sentencing monitoring report. Sanchez-Alanis's claim is not yet ripe, as it is based on speculation of what action the BOP may take in the future rather than on any actual loss of GCT beyond 54 days per year. *See Texas v. United States,* 523 U.S. 296, 300 (1998) (internal citations omitted) (stating that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all"). We therefore dismiss Sanchez-Alanis's habeas petition.

**DISMISSED.**